UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kassandra A. J.,                                              Civ. No. 20-682 (PAM/DTS)

            Plaintiff,

v.                                                            **MEMORANDUM AND ORDER**

Andrew M. Saul, Commissioner
of Social Security,

            Defendant.

---

This matter is before Court on the parties' cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion is denied and Defendant's Motion is granted.

**BACKGROUND**

Plaintiff Kassandra A. J. is a child under the age of 18. Her mother brought this lawsuit on Kassandra's behalf after the Social Security Administration denied Kassandra's application for supplemental security income benefits. Kassandra's application for benefits, filed in February 2018,[1] alleged that she had been disabled since October 2011, by reason of autism spectrum disorder, hypothyroidism, mycoplasma pneumoniae, blood

---

[1] Kassandra also filed an application for benefits in November 2014, amending that application to allege a disability onset date of December 2014 and alleging impairments of anxiety, depression, and attention deficit hyperactivity disorder, asthma, hypothyroidism, and a learning disorder. (Admin. R. (Docket No. 20-3) at 125, 128-29.) That application was denied in January 2018 after a hearing before an Administrative Law Judge (see id. at 125-142), but it appears from the record that the Commissioner reconsidered that decision and allowed Kassandra to file a new application. Only that new application is at issue here.

disorder, and neurological conditions causing low functioning in her upper extremities. (Admin. R. (Docket No. 20-3) at 147-48.)

An individual under age 18 is considered disabled for purposes of Social Security disability benefits if she "has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, three-step evaluation process to determine whether a child is disabled. 20 C.F.R. § 416.924(a). At step one, the Commissioner determines whether the child is engaged in "substantial gainful activity." Id. If she is so engaged, the child will be considered not disabled. Id. If not, the Commissioner "consider[s] [her] physical or mental impairment(s) first to see if [she has] an impairment or combination of impairments that is severe." Id. If the child has a severe impairment, the Commissioner determines whether that "impairment(s) . . . meets, medically equals, or functionally equals the listings" in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. If the child's impairment meets or equals one or more listings, and the impairment "meets the duration requirement," the Commissioner considers the child disabled. Id.

The Administrative Law Judge ("ALJ") determined after a hearing that Kassandra had the following several severe impairments: asthma, sensory integration disorder or sensory processing disorder, developmental delay, chronic pain syndrome, depression, and anxiety. (Admin. R. (Docket No. 20-2) at 11.) The ALJ also noted that Kassandra's claimed impairments of hypothyroidism and mycoplasma pneumoniae were non-severe, and that the medical records did not demonstrate the claimed impairments of a blood disorder, neurological conditions causing upper extremity low functioning, or autism spectrum disorder ("ASD"). (Id. at 11-12.) Much of the ALJ's discussion as to this step of the analysis focused on Kassandra's ASD diagnosis, which the ALJ determined was either not supported by the medical evidence or was non-severe "at most." (Id. at 12.)

The ALJ then determined that none of Kassandra's severe impairments met, medically equaled, or functionally equaled the requirements of listed impairments. (Id. at 15-36.) The ALJ thus determined that Kassandra was not disabled. (Id. at 36-37.)

Kassandra brought this lawsuit under 42 U.S.C. § 405(g), after the Appeals Council affirmed the ALJ's determination that she was not disabled. She contends that the ALJ erred in determining, contrary to the Commissioner's independent medical expert, that the medical records did not support her claim to suffer from ASD. She contends that her ASD is a severe impairment and that the ALJ's ultimate determination that she is not disabled is therefore incorrect. She asks the Court to either award benefits or remand the case to the ALJ for a full consideration of the medical evidence.

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

The ALJ exhaustively discussed the evidence in the record regarding Kassandra's ASD. In particular, the ALJ noted that, although clinicians at Fraser had diagnosed Kassandra with ASD in September 2018, Kassandra's teachers, school administrators, and a neuropsychologist repeatedly disagreed with this conclusion. (Admin. R. (Docket No. 20-2) at 12.) As the ALJ highlighted, multiple evaluators noted the striking difference in Kassandra's demeanor when alone versus when her parents were present; Kassandra was alone during the neuropsychological evaluation but her parents accompanied her during the Fraser evaluation. (Id. at 12-13.). Although the neuropsychological evaluation was not an autism-specific evaluation, many of the functions the clinician tested were the same as those used to diagnose ASD, including use of non-verbal cues, eye contact, social

4

functioning, and attention to the tasks at hand. (Id. at 12) And Kassandra's treating psychiatrist did not believe Kassandra had ASD. (Id. at 13.)

The ALJ quite properly weighed the conflicting evidence in the record and determined that the record did not substantiate Kassandra's ASD diagnosis. As the Commissioner points out, this is the quintessential function of the ALJ, and it is not the province of the Court to re-weigh the evidence. See Kirby v. Astrue, 500 F.3d 705, 709 (8th Cir. 2007) ("It is the function of the ALJ to weigh conflicting evidence and to resolve disagreements" in the medical records.). Rather, the Court determines only if there is substantial evidence supporting the ALJ's decision. Here, there is more than substantial evidence to support the ALJ's determinations. This is not a case in which the medical evidence points in one direction and the ALJ ignored that evidence. The evidence regarding Kassandra's ASD diagnosis is contradictory and conflicting. The ALJ properly considered all evidence and, after hearing from Kassandra herself in addition to her mother and the independent medical expert, determined that the record did not substantiate Kassandra's claim of a severe impairment because of ASD.

Further, the ALJ's analysis regarding whether Kassandra's impairments functionally equaled the listings is not erroneous. Again, the question is not whether the Court would come to the same conclusion as the ALJ, but rather whether the ALJ's decision is supported by substantial evidence. The ALJ clearly considered all evidence in the record, thoroughly cataloging Kassandra's voluminous medical records (id. at 22-34), and determined that Kassandra did not have marked limitations as a result of her impairments. (Id. at 21.) This decision is likewise supported by substantial evidence.

**CONCLUSION**

Substantial evidence in the record supports the Commissioner's decision to deny benefits here.  Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Summary Judgment (Docket No. 23) is **DENIED**; and

2. Defendant's Motion for Summary Judgment (Docket No. 26) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: February 16, 2021                                  *s/ Paul A. Magnuson*
                                                         Paul A. Magnuson
                                                         United States District Court Judge